■ NEL TAXI CORP., Appellant, v THEODORE EPPINGER et al., Respondents. [610 NYS2d 323] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.) dated May 8, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Nel Taxi Corp. commenced the instant legal malpractice action alleging that Milton Montalvo had obtained a judgment by default in a negligence action against it due to the defendants' failure to serve an answer to Montalvo's complaint. Montalvo, a taxicab driver employed by a company called Metro Systems, had been injured when he lost control of the cab he was driving, a vehicle owned by Nel Taxi. In its complaint and bill of particulars, the plaintiff alleged that the defendants' malpractice had deprived it of the opportunity to interpose a defense based upon the Workers' Compensation Law. The defendants moved for summary judgment on the ground that Montalvo was solely an employee of Metro Systems and therefore the defense of Workers' Compensation was not available to the plaintiff. The Supreme Court granted the motion.

It is well established that once a moving party has made a *prima facie* showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). "It is incumbent upon a [party] who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his [complaint] are real and are capable of being established upon a trial" *(Di Sabato v Soffes,* 9 AD2d 297, 301; *see, Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774). Here, the plaintiff failed to rebut the defendants' showing that Montalvo was an employee of Metro Systems. Moreover, the plaintiff failed to come forward with any evidence to show the existence of any triable issues of fact as to

whether Montalvo might have been deemed a special employee of Nel Taxi *(see, e.g., Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Cameli v Pace Univ.,* 131 AD2d 419).

We have examined the plaintiff's remaining contentions and find that they are either not properly before us *(see, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 447) or are without merit. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.