■ ESTHER DAVIS et al., Appellants, v SUPERMARKETS GENERAL CORPORATION, Respondent. [613 NYS2d 701] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered November 25, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Esther Davis allegedly slipped and fell on a "reddish-type substance" in the defendant's store. She and her husband commenced this action, *inter alia,* to recover damages for injuries allegedly sustained as a result of her fall. The defendant subsequently moved for summary judgment on the ground that it had neither actual nor constructive notice of the existence of the defect which allegedly caused Ms. Davis to fall, and therefore could not be held liable for injuries allegedly sustained as a result of that fall. The Supreme Court granted the defendant's motion, and we affirm.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it *(Negri v Stop & Shop,* 65 NY2d 625, 626; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670, *affg on opn at* 99 AD2d 246, 249)" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838). The defendant met its burden of establishing its lack of awareness of the existence of a defect at the time and place of the occurrence. In opposition, the plaintiffs failed to adduce any evidence to the effect that anyone, including Ms. Davis herself, saw the substance on the floor prior to the fall. Indeed, the first time that Ms. Davis noticed any such substance on the floor was after she had fallen and was lying on the floor. Moreover, absent any testimony that the reddish substance was dirty, had foot steps on it, or had been tracked through, a jury could not reasonably infer that the substance had been on the floor for any appreciable length of time to permit the defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, *supra).* Accordingly, we find that, as a matter of law, the plaintiffs failed to rebut the defendant's showing that it had neither actual nor constructive notice of the alleged defect *(see, Kanarskee v Pergament Distribs.,* 201 AD2d 704), and summary judgment was properly granted to the defendant. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.