■ PETER VARRONE et al., Appellants, v LINDA DINARO, Respondent. [619 NYS2d 79] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 12, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs contend that the Supreme Court erred in granting the defendant's motion for summary judgment because triable issues of fact exist as to whether the stairway upon which the injured plaintiff fell was dangerous or defective, and whether the condition of the stairway was a proxi-

mate cause of the accident. We disagree. Although the question of whether a dangerous or defective condition exists " 'depends on the peculiar facts and circumstances of each case' " and is generally a question of fact for the jury *(see, Guerrieri v Summa,* 193 AD2d 647; *Schectman v Lappin,* 161 AD2d 118), here the plaintiffs failed to submit any evidence that the stairway was structurally unsafe, or that a dangerous and defective condition existed upon it *(see, Anilus v Gail Realties,* 206 AD2d 446). Significantly, while the plaintiffs alleged in their complaint and verified bill of particulars that the dangerous condition on the stairway consisted of the presence of "slippery substances" on the steps, the injured plaintiff did not recall seeing any foreign substance on the steps prior to his fall, and was unable to state what had caused him to slip. Moreover, the defendant's deposition testimony that carpet treads which might have partially covered the steps on the date of the accident were "worn", and that the varnish underneath these treads had "worn off", was insufficient, standing alone, to create an issue of fact as to the existence of a dangerous or defective condition. In this regard, we further note that contrary to the plaintiffs' contention, there is no evidence that the lighting in the stairway area was inadequate. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.