■ Kim Moss, Appellant, v JNK Capital Ltd., Defendant, and Supermarkets General Corp., Respondent. [621 NYS2d 679] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 26, 1993, which granted the motion of the defendant Supermarkets General Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs, and the action against the remaining defendant is severed.

The plaintiff Kim Moss allegedly slipped and fell on a half-eaten plum which was on the floor of the respondent's store, sustaining injuries as a result. The plaintiff contends that because two employees of the respondent were working in the vicinity of the plum, they must have known or should have known that it was there, and failed to remedy the dangerous condition.

Contrary to the plaintiff's contention, there was no evidence that the respondent had created the allegedly dangerous condition, or had actual notice of it prior to the accident (see, Anderson v Klein's Foods, 139 AD2d 904, affd 73 NY2d 835; see also, Davis v Supermarkets Gen. Corp., 205 AD2d 730; Nel Taxi Corp. v Eppinger, 203 AD2d 438), and from the evidence which was presented, any finding that the plum had been on the floor for any appreciable period of time would be mere speculation. It is well settled that without evidence that the

respondent created the dangerous condition or had actual notice of it, and absent a showing of evidentiary facts from which a jury can infer constructive notice from the amount of time that the dangerous condition existed, the complaint must be dismissed (see, Fasolino v Charming Stores, 77 NY2d 847, 848; see also, Davis v Supermarkets Gen. Corp., supra; Cafiero v Inserra Supermarkets, 195 AD2d 681, affd 82 NY2d 787; Paolucci v First Natl. Supermarket Co., 178 AD2d 636; Monje v Wegman's Enters., 192 AD2d 1133; Grimes v Golub Corp., 188 AD2d 721, 722). Accordingly, the Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against it. Bracken, J. P., Ritter and Hart, JJ., concur.

Balletta, J., votes to reverse the order appealed from and to deny the respondent's motion for summary judgment dismissing the complaint insofar as asserted against it in the following memorandum with which Copertino, J., concurs. It is well established that summary judgment is a drastic remedy and should only be granted if there are no material and triable issues of fact (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). "On a motion for summary judgment the court is not to determine credibility, but whether there exists a factual issue, or if arguably there is a genuine issue of fact" (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341). Issue finding, as opposed to issue determination, is the key to summary judgment (see, Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 261), and the papers should be scrutinized carefully in the light most favorable to the party opposing the motion (see, Robinson v Strong Mem. Hosp., 98 AD2d 976).

In this negligence case, the plaintiff seeks to recover damages for personal injuries she allegedly sustained on October 2, 1988, at approximately 1:30 A.M. when she slipped on a half-eaten plum and fell at a Pathmark Supermarket owned by the defendant Supermarkets General Corp. located at the Big "H" Shopping Center, New York Avenue, Huntington. The plaintiff testified at her examination before trial that she approached the night manager of the store, who was helping another employee unload two carts and stack a display, in order to ask the location of the cereal aisle. After receiving directions from him, the plaintiff took two steps and slipped on the half-eaten plum, which was within two feet of the two employees.

It has been stated that in a slip-and-fall case such as the one herein, a plaintiff may only recover when he or she is able to show that the defendant had created the condition which

caused the accident or that it had actual or constructive notice of the condition (see, Eddy v Tops Friendly Mkts., 91 AD2d 1203, affd 59 NY2d 692; Kane v Human Servs. Ctr., 186 AD2d 539). Moreover, in those cases where the issue of constructive notice has arisen, it has also been stated that a plaintiff must show that the alleged defect was visible and apparent for a sufficient length of time prior to the accident so as to permit the defendant to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 836; Davis v Supermarkets Gen. Corp., 205 AD2d 730). In most instances involving constructive notice, the main issue has been whether there was evidence from which a jury could infer that the foreign substance had been on the floor for any appreciable length of time to permit store employees to discover and remedy the defect (see, e.g., Anderson v Klein's Foods, 139 AD2d 904, affd 73 NY2d 835; Batiancela v Staten Is. Mall, 189 AD2d 743; Post v Valley Cent. School Dist., 180 AD2d 954; Scirica v Ariola Pastry Shop, 171 AD2d 859).

However, case law, both in this State and in other States, suggests the existence of another class of constructive notice. Thus, it has been stated that "[c]onstructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard" (Hughes v Hosp. Auth., 165 Ga App 530, 531, 301 SE2d 695; also see, Kimbell, Inc. v Hernandez, 572 SW2d 784 [Tex]; Miracle Mart v Webb, 205 Va 449, 137 SE2d 887). In Kelsey v Port Auth. (52 AD2d 801), the plaintiff slipped and fell while walking down the stairs at one of the defendant's facilities. The court found that the issue of the defendant's negligence was properly left to the jury to determine where, in addition to the fact that the plaintiff had observed litter on the stairs just 15 minutes earlier, the following factors were also present: "The building attendants were instructed to pay special attention to the fast elimination of all spillages. A building attendant was present at the scene just prior to the accident. Under such circumstances, the jury could reasonably conclude that the dangerous condition which caused plaintiff's injury was not properly observed or, although observed, not cleaned" (Kelsey v Port Auth., supra, at 802).

Similarly, in Restey v Victory Mkts. (127 AD2d 987), the Appellate Division, Fourth Department, affirmed a judgment in favor of a plaintiff where the plaintiff was injured when she slipped in a puddle of water while stepping down from the ledge of a freezer in the dairy aisle, the puddle was not

present when she had first climbed on the freezer 10 to 15 minutes earlier and the dairy manager made regular rounds of the aisle between 10 and 20 times every hour and was never away from the aisle for more than 10 minutes.

It should be remembered that in this case, we are not concerned with the mere placement of the employee somewhere near the defective condition (see, e.g., Russell v Meat Farms, 160 AD2d 987). Rather, we are concerned with a case where the allegedly defective condition was in plain view within two feet of two of the respondent's employees. Under these circumstances there is an issue of fact as to the respondent's knowledge of the defect since notice may be inferred from the direct exposure of a defective condition to a person's sense of sight (see, 2 Wigmore, Evidence § 245; also, Page, The Law of Premises Liability § 7.9; 81 NY Jur 2d, Notice and Notices, §§ 5, 6).

Accordingly, I find that under the peculiar circumstances of this case, the plaintiff has raised a triable issue of fact as to the issue of notice.