Betty **CAMUS** and Ralph **Camus, Plaintiffs,**

v.

**SUPERMARKETS GENERAL CORPORATION Supermarkets General Corporation d/b/a Pathmark, Pathmark Stores, Inc. and Pathmark Stores, Inc. d/b/a Pathmark, Defendants.**

**No. 94 Civ. 5681 (LAK).**

United States District Court, Southern District of New York.

Nov. 16, 1995.

Michael F. Smith, Smith & Smith, P.C., for Plaintiffs.

Richard S. Geffen, Kral, Clerkin, Redmond, Ryan, Perry & Girvan, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Betty Camus seeks to recover damages for injuries sustained when she slipped in a pool of liquid detergent on a supermarket floor. Her husband brings the usual derivative claim. The defendants move for summary judgment dismissing the complaint.

### Facts

The evidence, viewed in the light most favorable to the plaintiffs, establishes the following:

On the evening of November 13, 1994, a tractor trailer from Pathmark's New Jersey distribution center arrived at the Pathmark supermarket on Central Park Avenue in Yonkers. At about 9:00 p.m., two part-time Pathmark employees unloaded a pallet containing approximately sixty cardboard cartons of merchandise standing approximately five feet in height, and placed it at the end of aisle 13. At least one carton on the top of the stack contained nine half-gallon containers of liquid detergent. A stacking crew, which was expected at 11:00 p.m., was to open the cartons and stack the merchandise on the shelves.

Mrs. Betty Camus and her sister-in-law arrived at the store at about 9:20 p.m. and began shopping. At approximately 9:30 p.m., Joseph Schmidt, the assistant manager of the store, walked past the pallet. The floor in the vicinity was clean, and he saw nothing out of order. At about 9:40 p.m., Mrs. Camus slipped and fell within a few feet of the pallet, sustaining personal injuries. After she fell, she saw that she had slipped in a pool of liquid detergent about four feet in diameter. Apart from the disturbance caused by her own accident, Mrs. Camus saw no indication that the pool had been disturbed, i.e., no footprints or cart marks. Both she and Mr. Schmidt, who was called to the scene shortly after the accident, observed that one of the top cartons on the stack had been torn open and that one of the nine half-gallon containers of liquid detergent that it contained was atilt. A jury would be entitled to find that the detergent on the floor came from that container.

### Discussion

The evidence permits the conclusion that Mrs. Camus was injured as a proximate consequence of the existence of a hazardous condition in the Pathmark store. Pathmark would be liable if it created, or is chargeable with actual or constructive knowledge of that condition. *Gordon v. American Museum of Natural History,* 67 N.Y.2d 836, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986); *Lewis v. Metropolitan Transp. Auth.,* 99 A.D.2d 246, 249, 472 N.Y.S.2d 368, 371 (1st Dept. 1984). It seeks summary judgment dismissing the complaint on the ground that none of those requirements is satisfied.

Plaintiffs tacitly concede that there is no evidence of actual knowledge. Nor do they suggest that there is a genuine issue of material fact as to constructive knowledge.[1] Rather, they focus their energy on the contention that the jury would be entitled to infer that Pathmark created the condition. The Court finds this to be a close question indeed.

Perhaps the obvious starting point is the fact that there is no evidence as to who opened the carton or how the container of detergent was tilted on its side. Either a customer or a Pathmark employee might have been responsible. The burden is on the plaintiff to prove that it was the latter. The question therefore is whether there is anything in the record that would permit a jury to find that a Pathmark employee was responsible.

The plaintiffs' burden is merely a preponderance of the evidence. As juries routinely are charged, the plaintiff carries that burden if it proves facts that make the scales tip, however, slightly, in favor of the proposition she seeks to establish. *See Ostrowski v. Atlantic Mutual Ins. Cos.,* 968

---

1. Mr. Schmidt's affidavit, which is uncontradicted, establishes that the floor around the pallet where Mrs. Camus fell was clean ten minutes prior to the accident. In *Kanarskee v. Pergament Distributors, Inc.,* 201 A.D.2d 704, 609 N.Y.S.2d 842 (2d Dept.1994), the Appellate Division held, in a similar case, that the existence of the hazardous condition for less than ten minutes prior to the accident precludes a finding for the plaintiff on a constructive knowledge theory because the time interval is too short.

F.2d 171, 187 (2d Cir.1992); *Rinaldi & Sons, Inc. v. Wells Fargo Alarm Serv., Inc.,* 39 N.Y.2d 191, 196, 383 N.Y.S.2d 256, 258, 347 N.E.2d 618 (1976). Although the pallet certainly was accessible to customers, and shoppers almost unquestionably have opened sealed cartons of merchandise found in supermarket aisles in search of something not on a shelf, the Court believes that a jury might rationally conclude that it is more probable that an employee would have opened a sealed carton than that a customer would have done so. While the matter may well appear differently at trial, particularly on a fuller record, the plaintiffs have established the existence of a genuine issue of material fact as to whether Pathmark created the hazardous condition.[2]

### Conclusion

For the foregoing reasons, defendants' motion for summary judgment dismissing the complaint is granted to the extent that any claim based on the existence of actual or constructive notice is dismissed and denied in all other respects.

SO ORDERED.

---

2. This conclusion makes it unnecessary to deal at this stage with plaintiffs' contention that Path-    mark is liable on the theory of *res ipsa loquitor.*