■ Barbara J. Dardzinski, Respondent, v Great Atlantic & Pacific Tea Co., Doing Business as A & P, Appellant. [661 NYS2d 284] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 25, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff alleges that she sustained personal injuries when she slipped and fell on a piece of wax paper which was on the floor of the bakery aisle in one of the defendant's stores.

Contrary to the plaintiff's contention, there was no evidence that the defendant created the allegedly dangerous condition or that it had actual notice of it prior to the accident (*see, Anderson v Klein's Foods*, 139 AD2d 904, *affd* 73 NY2d 835; *Davis v Supermarkets Gen. Corp.*, 205 AD2d 730; *Nel Taxi Corp. v Eppinger*, 203 AD2d 438).

Furthermore, "[t]o constitute constructive notice, a defect

must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). At her examination before trial the plaintiff testified that she did not observe the piece of paper even though she had passed through the bakery aisle shortly before she fell. Nor is there any indication that anyone else observed the "defect" prior to the accident or that the paper itself was dirty or worn. Under these circumstances the defendant is entitled to summary judgment dismissing the complaint (*see, Fasolino v Charming Stores,* 77 NY2d 847; *Moss v JNK Capital,* 211 AD2d 769, *affd* 85 NY2d 1005 *for reasons stated below*). Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.