Ella BOYKO, Plaintiff,

v.

**SAM'S CLUB–MEMBERS ONLY**
**and Wal–Mart Stores, Inc.,**
**Defendants.**

No. 95–CV–6175L.

United States District Court,
W.D. New York.

Sept. 5, 1997.

Paul J. Vacca, Jr., Rochester, NY, for plaintiff.

Michael J. Kanaley, Jr., Kenney, Kanaley, Shelton & Liptal, L.L.P., Buffalo, NY, for defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Ella Boyko ("plaintiff"), originally commenced this negligence action against defendants, Sam's Club–Members Only and Wal–Mart Stores, Inc. ("defendants"), in New York State Supreme Court. Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441(a) and § 1332. Pending before the Court is defendants' motion for summary judgment.

## BACKGROUND

In her complaint, plaintiff alleges that she sustained injuries when she tripped and fell on "a raised rug and a wet area on the floor" at Sam's Club in Greece, New York. Complaint ¶ 4. Plaintiff claims that the rug constituted a dangerous condition, which defendants negligently permitted to exist.

Defendants move for summary judgment on the grounds that plaintiff is unable to prove either that a dangerous condition existed at the time of her fall or that defendants had notice of such a condition.

## DISCUSSION

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir.1994). A genuine issue of material

fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), and all ambiguities and inferences that may be reasonably drawn from the facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991). If the movant establishes that there is no genuine issue of material fact, then the burden shifts to the nonmovant. *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir.1993). To defeat summary judgment, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

 Under New York law, a landowner has a duty to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk. *Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976); *Fleischer v. Melmarkets, Inc.*, 174 A.D.2d 647, 571 N.Y.S.2d 509, 510 (2d Dep't 1991). In order to establish that defendants breached that duty, plaintiff must prove: (1) that a dangerous condition existed; and (2) that defendants either created the dangerous condition or that they had actual or constructive notice of its existence. *Dapp v. Larson*, 659 N.Y.S.2d 130, 131 (3d Dep't 1997); *Kuchman v. Olympia & York, USA, Inc.*, 656 N.Y.S.2d 323, 324 (2d Dep't 1997); *Leary v. North Shore Univ. Hosp.*, 218 A.D.2d 686, 630 N.Y.S.2d 554, 554 (2d Dep't 1995).

 In the instant case, there is simply no evidence before me that a dangerous condition existed at defendants' store on January 8, 1995. Although plaintiff's complaint alleges that it was the "raised" and "wet" characteristics of the rug that constituted a dangerous condition, the proof before me does not substantiate those allegations. These allegations in the complaint appear now to be based only on speculation and conjecture.

According to plaintiff's own testimony at her deposition, she believes that she tripped on a rug at defendants' store while retrieving a shopping cart. Boyko Deposition at 18, 20, 21–22 & 26. However, plaintiff does not remember specifically what it was that made her fall. Boyko Deposition at 26. Plaintiff does not recall if the rug appeared wet or dry. Boyko Deposition at 24–25. She also does not recall whether it was wet or dry outside that day. Boyko Deposition at 13. Further, plaintiff assumed that the rug was flat on the floor. Boyko Deposition at 25. However, plaintiff admits that she was not paying particular attention to the floor and, therefore, does not know what position the rug was in before she fell. Boyko Deposition at 25. In short, plaintiff, herself, is unable to identify the dangerous condition that she claims existed at the time of her fall.

Moreover, Alfred William Daniels, the store manager at the time of the incident, recalls plaintiff telling him that she "lost her footing while trying to get a shopping cart." Daniels Aff. ¶ 5. There was no mention of a raised or wet rug by plaintiff at the time. Daniels inspected the area after plaintiff's fall and found it to be clear and dry. Daniels Aff. ¶¶ 6–7. According to Daniels, the rugs were in the proper area, were flat, and were not posing a hazardous or dangerous condition to customers. Daniels Aff. ¶¶ 9–10.

There is also no evidence before me that defendants had notice of any condition regarding its rugs on January 8, 1995. In his affidavit, store manager Daniels states that prior to plaintiff's fall, he did not observe the rugs to be in any condition which posed a tripping hazard to customers. Daniels Aff. ¶ 11. Further, no one advised Daniels prior to plaintiff's fall that the rugs were in a dangerous condition or location. Daniels Aff. ¶ 12. Finally, plaintiff is unable to identify any individual who witnessed the incident,

viewed a defective condition, or provided notice to defendants. Plaintiff's Response to Defendants' First Set of Interrogatories ¶ 12.

■ In opposition to defendants' motion, plaintiff has not proffered any evidence demonstrating that a material issue of fact exists. The mere fact that plaintiff allegedly tripped on a rug at defendants' store, standing alone, does not establish negligence on the part of the defendants. *See, e.g., Kuchman,* 656 N.Y.S.2d 323 (affirming grant of summary judgment, in a case where plaintiff slipped and fell in defendant's lobby, because there was no proof of a defective condition); *Varrone v. Dinaro,* 209 A.D.2d 508, 619 N.Y.S.2d 79 (2d Dep't 1994) (holding that summary judgment was appropriate where plaintiff, who fell on defendant's stairway, failed to submit any evidence that a dangerous condition existed); *Davis v. Supermarkets Gen. Corp.,* 205 A.D.2d 730, 613 N.Y.S.2d 701 (2d Dep't 1994) (affirming grant of summary judgment where plaintiff, who slipped and fell in defendant's store, failed to rebut defendant's showing that it did not have notice of the alleged dangerous condition); *Stoerzinger v. Big v. Supermarkets, Inc.,* 188 A.D.2d 790, 591 N.Y.S.2d 257 (3d Dep't 1992) (holding that summary judgment was appropriate, in a case where plaintiff fell on a wet mat at defendant's store, because there was no proof that defendants had notice of the alleged dangerous condition).

While it is unfortunate that plaintiff fell while shopping at defendants' store, defendants simply cannot be held responsible for every incident that happens on their premises in the absence of negligence on their part. Accordingly, summary judgment must be granted in favor of defendants.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted, and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.