■ STANFORD SALKEY et al., Respondents, v NEW YORK RACING ASSOCIATION et al., Appellants. [665 NYS2d 521] —In an action to recover damages for personal injuries, etc., the defendants New York Racing Association and ARA Leisure Services, Inc. separately appeal from an order of the Supreme Court, Kings County (Garson, J.), dated January 8, 1997, which denied their separate motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

The plaintiff Stanford Salkey alleged that he was injured when he slipped on a wet substance on the floor of the clubhouse at Aqueduct Racetrack. In order to establish a prima facie case of negligence in a slip-and-fall case, a plaintiff must demonstrate that the defendant either created the condition which caused his or her fall, or had actual or constructive notice of the condition (*see, Katsoris v Waldbaum, Inc.,* 241 AD2d 511; *Kraemer v K-Mart Corp.,* 226 AD2d 590; *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967). To establish constructive notice, the defect must be visible and apparent, and must exist for a sufficient length of time before the accident so as to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

Here, the defendants met their initial burden of establishing that they neither created nor were aware of the alleged dangerous condition. In opposition, the plaintiffs failed to raise an issue of fact as to actual or constructive notice. The record is devoid of proof that any of the defendants' employees had notice of the substance which caused the plaintiff to fall. Any finding that the substance had been on the floor for a sufficient length of time so as to permit the defendants' employees to discover and remedy the condition would be based on mere speculation (*see, Masotti v Waldbaums Supermarket,* 227 AD2d 532; *Kraemer v K-Mart Corp., supra).*

Furthermore, the plaintiffs failed to present evidentiary proof in admissible form that the defendants' employees created the condition by failing to properly mop the floor. The plaintiffs

rely upon certain ambiguous statements which were made to Stanford Salkey shortly after the accident by a person allegedly employed by the defendant ARA Leisure Services, Inc. (hereinafter ARA). These statements were inadmissible, however, as the plaintiffs failed to establish that it was within the scope of the employee's authority to speak for ARA (*see, Loschiavo v Port Auth.,* 86 AD2d 624, *affd* 58 NY2d 1040; *Gottlieb v Waldbaum's Supermarket,* 226 AD2d 344; *Lowen v Great Atl. & Pac. Tea Co.,* 223 AD2d 534).

Accordingly, the Supreme Court erred in denying the defendants' separate motions for summary judgment. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.