**Charles COOPER, Plaintiff,**

v.

**PATHMARK STORES, INC., Defendant.**

No. 96–CV–2358 (JS).

United States District Court,
E.D. New York.

March 17, 1998.

Donald W. Leo, Law Office of Richard Borda, Coram, NY, for Plaintiff.

Henry M. Primavera, Kral, Clerkin, Redmond, Ryan, Perry & Girvan, Mineola, NY, for Defendant.

### MEMORANDUM AND ORDER

SEYBERT, District Judge.

Presently pending before the Court is defendant's motion for summary judgment in this diversity jurisdiction "slip and fall" personal injury negligence action. The defendant has established that there are no genuine issues of material fact in dispute and is entitled to judgment as a matter of law, and therefore, defendant's motion for summary judgment is granted.

### BACKGROUND

On Saturday, July 8, 1995, at approximately 8:30 P.M., the plaintiff, Charles Cooper,

was shopping in a supermarket owned and operated by the defendant Pathmark Stores, Inc. ("Pathmark"). The plaintiff entered the store with his currently estranged wife, Zena Littlejohn, but without a plan of intended purchases. They first proceeded down aisle sixteen which contained various and sundry household cleansers and laundry supplies. The plaintiff testified at a deposition that he observed an employee wagon with empty boxes on it in the aisle. There were no store employees near the wagon or in the aisle. He did not observe any puddles or liquid on the floor. At the far end of the aisle he suddenly slipped and landed on the ground striking his back and neck. Ms. Littlejohn immediately notified store personnel of the plaintiff's predicament.

Mr. Jorge Salazar, the evening manager, promptly went to the plaintiff's aid and upon determining that Mr. Cooper desired an ambulance, Salazar went to the courtesy desk and called the Fire Department. Mr. Salazar returned with the store's Polaroid camera and took five photos of the scene. The photos depict the plaintiff lying on the ground, his head in a blue puddle. Alongside the puddle is a toppled plastic Sta–Puff bottle, sans top.

At a deposition, Mr. Salazar described the puddle as an oval shape about one and one half feet in diameter, extending out into the aisle from a point approximately five or six inches beyond the shelving. The top of the overturned bottle was located on the second shelf from the bottom. He further stated that neither the bottle nor the cap appeared to be cracked or broken in any fashion. There were also two displays in the aisle, the closest one situated approximately five feet from the puddle. Mr. Salazar also testified that there were no wagons or empty boxes in the aisle. Mr. Salazar did not know how the plastic bottle ended up on the floor, nor did the two on duty "truck crew" employees he asked. Mr. Salazar indicated that it is likely he had previously been in the aisle within five to thirty minutes of the accident. Further, he observed no footprints or skid marks in the immediate area of the accident.

The plaintiff testified at a deposition that he was not aware of the puddle at the time he slipped, and, obviously, did not know how it came to be present on the floor or how long it was there. The plaintiff also was not aware of any leaking bottles or displays. The plaintiff claims to have initially lost consciousness and was later taken to the hospital via ambulance.

## DISCUSSION

### I. STANDARDS FOR GRANTING SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), courts may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party to show that there is no genuine issue of material fact, *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir.1994)(citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975)), and "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987)). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citing 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2725, at 93–95 (1983)).

A party opposing a motion for summary judgment " 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Id.* at 248, 106 S.Ct. at 2510 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). Under the law of the Second Circuit, "when no rational jury could find in favor of the nonmoving party because the evidence is so slight, there is no genuine

issue of material fact and a grant of summary judgment is proper." *Gallo,* 22 F.3d at 1224 (citing *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988)).

It is within this framework that the Court addresses the present summary judgment motion.

## II. A PRIMA FACIE NEGLIGENCE CLAIM

■ As the alleged negligent acts and the accident occurred in New York, based upon the teachings of *lex loci delicti,* New York substantive law will govern this diversity action. The defendant claims that summary judgment is appropriate because the plaintiff has failed to establish a prima facie case of negligence. Generally, in a negligence action, a plaintiff must establish that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of the breach. *See Solomon v. City of New York,* 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 392, 489 N.E.2d 1294 (1985). As the owner/operator of the supermarket, it is a given that Pathmark had a duty to maintain the store in a reasonably safe condition. *See Basso v. Miller,* 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 568, 352 N.E.2d 868 (1976).

■ Specifically, to establish a prima facie case of negligence in a slip and fall action, the plaintiff must demonstrate that the defendant "created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition." *Bykofsky v. Waldbaum's Supermarkets, Inc.,* 210 A.D.2d 280, 619 N.Y.S.2d 760, 761 (2d Dep't 1994). *See also Piacquadio v. Recine Realty Corp.,* 84 N.Y.2d 967, 969, 622 N.Y.S.2d 493, 494, 646 N.E.2d 795 (1994); *Gordon v. American Museum of Natural History,* 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646, 647, 492 N.E.2d 774 (1986).

The plaintiff's affirmation in opposition to defendant's motion to summary judgment entirely predicates defendant's liability on having affirmatively created the dangerous condition, Pl. Aff. ¶ 7, and admits that the plaintiff cannot establish that the defendant had either "actual notice" nor "constructive notice" that the spill was on the floor. Pl. Aff. ¶ 16. The plaintiff's theory of the case is that there is sufficient circumstantial evidence that an employee or employees of the defendant spilled a blue liquid in the shopping aisles while he or they were in the process of restocking the shelves, that the blue liquid was slippery and was the proximate cause of the plaintiff's fall, thereby causing him to sustain serious and severe personal injuries. Pl. Aff. ¶ 13. Somewhat surprisingly, the plaintiff has declined to submit a Memorandum of Law in Opposition to Summary Judgment, stating that the case law contained in defendant's Memorandum of Law is not inconsistent with the plaintiff's opposition. Pl. Aff. ¶ 29. Accordingly, the Court will only consider whether there is a genuine issue of material fact as to the issue of the creation of the blue puddle.

## III. CREATION OF THE CONDITION

The defendant claims that there is no evidence that its employees actually created the condition which caused the accident or that they had actual knowledge of its existence. The defendant asserts that even assuming *arguendo* there was an employee wagon or an employee in the immediate vicinity of the accident, it does not raise an inference upon which proof of a created condition can be premised.

The mere fact that a puddle of liquid originated from store merchandise does not establish the creation of the puddle, because, the puddle is not a direct consequence of the defendant's passive activity of providing merchandise for sale. The intervening act of spilling the detergent creates the condition and it is not attributable to the defendant absent either spillage by the defendant or its employees or conduct on the defendant's part which demonstrably increases the risk of creating the condition.

■ The Court having fully reviewed the parties' submissions and the deposition testimony finds that the evidence does not support an inference that the defendant created the puddle. The only statement advancing such an inference is plaintiff's testimony that he saw an employee wagon with empty boxes

on it across the aisle from the area in which he fell. The plaintiff did not see any store employees in the aisle or near the wagon. The plaintiff did not observe any employee spill the blue liquid on the floor. The store manager testified that there were no empty boxes or wagons in the aisle, only two store displays. Furthermore, the manager did not see anything near or around the plaintiff besides the puddle and the plastic bottle.

The factual setting surrounding the incident is inconsistent with an employee created condition. A bottle lying overturned on the floor with the cap removed and placed on the shelf, is not indicative of an employee accident resulting from the improper stocking of shelves, but is suggestive of foul play by a non-employee. The location of the puddle in the aisle, remote from the shelves or the wagon, also mitigates the likelihood of employee involvement.

Of course, in a motion for summary judgment, all ambiguities must be resolved and all inferences drawn in favor of the non-movant, in this instance, the plaintiff. However, the existence of empty boxes on a employee wagon in the vicinity of the puddle, in and of itself, does not support an inference of creation of the dangerous condition. There was no evidence offered that the empty boxes contained the Sta–Puff fabric softener in question or how long the boxes were there.

As indicated earlier, plaintiff has declined to cite caselaw in support of his opposition to summary judgment, but instead, offers this statement as the primary basis for defendant's liability:

> Unless the Defendant would have us believe that it is standard procedure to leave wagons full of empty boxes in heavily traveled aisles of its store for extended periods of time, a Jury or a trier of the facts would have every right to conclude that store employees had just completed restocking the shelves in the aisle during which time one or more of them had spilled a blue substance on the floor.

Pl. Aff. ¶ 21.

At this juncture, all that is really known is that the plaintiff slipped in a blue puddle of what ostensibly was fabric softener in aisle 16 of the defendant's supermarket, and, there was an employee wagon with empty boxes across the aisle. There is no proof, only mere speculation, as to how the substance got on the floor, or whether the defendant or its employees created the condition, and absent evidentiary proof in admissible form to prove otherwise, the plaintiff has not raised a triable issue of fact. *See, e.g., Gluskin v. National Railroad Passenger Corp.,* No. 92–CV–3814, 1994 WL 285483, at *2 (S.D.N.Y. June 28, 1994)(granting defendant summary judgment because "the record is devoid of any evidence that the defendants created the puddle"); *Fontana v. Fortunoff,* 668 N.Y.S.2d 394, 1998 WL 28226, at *1 (2d Dep't Jan.26, 1998)(granting summary judgment because there was no evidence that the defendants created the dangerous condition of flower petals on the floor); *Salkey v. New York Racing Ass'n,* 665 N.Y.S.2d 521, 521 (2d Dep't 1997)(reversing denial of summary judgment where plaintiff slipped on wet substance on defendants' floor but did not demonstrate that defendants created the condition); *Berg v. Wegmans Food Markets, Inc.,* 662 N.Y.S.2d 897, 898 (4th Dep't 1997)(affirming grant of summary judgment for defendant as plaintiff failed to raise a triable issue of fact whether defendant created the dangerous condition notwithstanding plaintiff's testimony describing a puddle of dirty sudsy water in which she slipped); *Kaplan v. Waldbaum's Inc.,* 231 A.D.2d 680, 647 N.Y.S.2d 560, 561 (2d Dep't 1996)(affirming summary judgment for defendant where plaintiff slipped and fell on liquid in produce aisle but failed to establish defendant created the condition); *Adams v. Alexander's Dep't Stores of Brooklyn, Inc.,* 226 A.D.2d 130, 639 N.Y.S.2d 826, 828 (1st Dep't 1996)(reversing denial of summary judgment and dismissing the complaint because "the record demonstrates only that plaintiff fell on ice cream [in defendant's property], not how or when that substance came to be on the floor"); *Moss v. JNK Capital Ltd.,* 211 A.D.2d 769, 621 N.Y.S.2d 679 (2d Dep't 1995)(plaintiff slipped on a plum on the supermarket floor in the immediate vicinity of an employee, the court still granted summary judgment for the plaintiff's failure to establish that the defendant created the condition); *Becker v. Wald-*

*baum, Inc.,* 221 A.D.2d 396, 633 N.Y.S.2d 533 (2d Dep't·1995)(plaintiff's contention that defendant created the condition was based on conjecture and speculation and although she fell in puddle of unknown substance on floor of supermarket, she failed to establish that the defendant created the condition); *Melton v. E.P.S. Hair Design, Inc.,* 202 A.D.2d 649, 610 N.Y.S.2d 53, 53 (2d Dep't 1994)(defendant was responsible for the chair but there was no evidence that the defendant had created the dangerous condition by turning the chair so that the footrest faced the aisle); *Collins v.. Grand Union Co.,* 201 A.D.2d 852, 608 N.Y.S.2d 335, 335 (3rd Dep't 1994)(affirming summary judgment against plaintiff who fell on slippery substance on supermarket floor but failed to establish that the defendant either created the dangerous condition or had actual or constructive notice of it); *Kane v. Human Services Center, Inc.,* 186 A.D.2d 539, 588 N.Y.S.2d 361, 362 (2d Dep't 1992)(reversing denial of summary judgment and dismissing complaint where plaintiff fell in hallway in a liquid puddle and could not establish that the defendant created or had prior actual or constructive notice of the puddle); *Bowers v. Vial,* 78 A.D.2d 534, 431 N.Y.S.2d 719, 720 (2d Dep't 1980)(affirming dismissal of the complaint where the plaintiff slipped and fell on the stairway and no proof was offered of how the substance got there or who created the condition).

In concluding that the plaintiff has failed to raise a triable issue of fact sufficient to defeat summary judgment in the instant action, the Court is mindful of the showing required to raise a genuine issue of material fact. In particular, the distinctions of the evidence proffered in a remarkably similar setting is instructive. In *Camus v. Supermarkets General Corp.,* 903 F.Supp. 668 (S.D.N.Y.1995), the plaintiff slipped in a pool of liquid detergent on the floor of a Pathmark supermarket. The evidence established that cardboard cartons of liquid detergent were stacked at the end of aisle 13, to be shelved approximately two hours later. One of the cartons was torn open and one of the half-gallon containers was atilt. *Id.* at 669. Considering the issue of whether the jury could infer that Pathmark created the condition, Judge Kaplan found it to "be a

close question indeed." *Id.* Holding "that a jury might rationally conclude that it is more probable that an employee would have opened a sealed carton than that a customer would have done so," the Court denied summary judgment, although, the plaintiff ultimately faced the burden of proving that an employee, and not a customer, opened the carton and tilted the container on its side. *Id.*

In the case at bar, in contrast, there is no evidence that the empty boxes contained fabric softener in general, or Sta–Puff in particular, and therefore, no evidence that the puddle emanated from the contents thereof. Further, there is no evidence that the boxes were recently emptied. Finally, as indicated *supra,* the Court considers the location of the bottle, the cap, and the puddle significant in finding that the condition unlikely resulted from an employee's doing, and therefore, it is more probable that a customer opened and spilled the fabric softener.

A party opposing summary judgment is required to "submit evidentiary facts or materials, by affidavit or otherwise ... demonstrating the existence of a triable issue of ultimate fact." *Indig v. Finkelstein,* 23 N.Y.2d 728, 729, 296 N.Y.S.2d 370, 371, 244 N.E.2d 61 (1968). *See also Salkey,* 665 N.Y.S.2d at 521 ("defendants met their initial burden of establishing that they neither created nor were aware of the alleged dangerous condition. In opposition, the plaintiffs failed to raise an issue of fact as to actual or constructive notice").

Accordingly, the plaintiff herein has failed to establish a factual issue pertaining to the creation of the dangerous condition—the blue puddle. As the plaintiff's affirmation states that the defendant did not have actual or constructive notice of the condition, the Court will not examine or consider the issue of notice.

Although it is lamentable that the plaintiff slipped and sustained injuries in the defendant's store, in the absence of negligence on defendant's part there is no basis in the law for the plaintiff to recover.

## CONCLUSION

Accordingly, because there is no evidence upon which a jury could reasonably conclude that the defendant created the dangerous condition, the defendant's motion for summary judgment is granted and the complaint is dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED.