■ WILLIAM SARABIA, Appellant, v HILAIRE FARM NURSING HOME, Sued Herein as HILAIRE NURSING HOME, Respondent. (And a Third-Party Action.) [672 NYS2d 394] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated April 30, 1997, which granted the defendant's motion for reargument, and, upon reargument, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this slip and fall case, it was incumbent upon the plaintiff to come forward with evidence showing that the defendant had either created the allegedly dangerous condition or that it possessed actual or constructive notice of the condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *see, Rotunno v Pathmark,* 220 AD2d 570; *Edwards v Terryville Meat Co.,* 178 AD2d 580). The plaintiff was on the defendant's brick patio bending over a lawn mower with the motor running when the plaintiff allegedly slipped on a small amount of a yellow substance and fell over the mower. The plaintiff conceded that he did not see the substance, which he described as yellow "cream like from * * * food", when he entered the patio, or when he bent over the mower. The defendant's administrator testified that he did not see the yellow substance when he walked past the patio 20 minutes before the accident. Nor did he see it when he inspected the patio within an hour after the accident. The record contains no evidence that the defendant caused the yellow substance to be on the patio, or that the defendant had either actual or constructive notice of its presence (*see, Fasolino v Charming Stores,* 77 NY2d 847; *Dardzinski v Great Atl. & Pac. Tea Co.,* 242 AD2d 362, *Moss v JNK Capital,* 211 AD2d 769, *affd* 85 NY2d 1005). Any finding that the substance was visible and apparent for a sufficient length of time to be discovered and remedied by the defendant's employees would be mere speculation (*see, Rotunno v Pathmark, supra; Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment.

The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.