■ ANTHONY CAPRA, Respondent, v WALDBAUM'S INC., Appellant. [708 NYS2d 897] —In an action to recover damages for personal injuries, the defendant appeals from an order of the

Supreme Court, Suffolk County (Doyle, J.), dated June 8, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff brought the instant action to recover damages for personal injuries which he allegedly suffered when he slipped and fell on some unidentified liquid in the defendant's supermarket. He alleged that the defendant had actual and/or constructive notice of the alleged condition. "[T]o recover damages in a slip and fall case involving debris on a supermarket floor, a plaintiff must demonstrate that the defendant either created the condition that caused the accident or had actual or constructive notice of the condition" (*Marukos v Waldbaum's, Inc.,* 264 AD2d 434; *see, Rotunno v Pathmark,* 220 AD2d 570; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280). Contrary to the court's determination, the defendant made out a prima facie case that it was entitled to summary judgment by establishing its lack of notice of the condition (*see, Sanchez-Alvarado v Mariott Health Care Serv.,* 270 AD2d 244; *Goldman v Waldbaum, Inc.,* 248 AD2d 436; *Padilla v White Plains City School Dist.,* 266 AD2d 442). The plaintiff's evidence in opposition to the motion was insufficient to raise a triable issue of fact as to whether the defendant had either actual or constructive notice of the condition. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.