■ DEBORAH GOLDIN et al., Respondents, v H. CHARLES RIKER, Defendant, and NEW LIFE MANAGEMENT, INC., Appellant. [709 NYS2d 119] —In an action to recover damages for personal injuries, etc., the defendant New Life Management, Inc. appeals from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), entered March 24, 1999, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant will not be liable for a dangerous or defective condition on its property unless it created the condition, or had actual or constructive notice of its existence and a reasonable time to remedy the defect (*see, Lewis v Metropolitan Transp.*

*Auth.,* 99 AD2d 246, *affd* 64 NY2d 670). A defendant seeking summary judgment dismissing the complaint based on the lack of notice must establish, prima facie, the absence of notice (*see, Beltran v Metropolitan Life Ins. Co.,* 259 AD2d 456).

The appellant, New Life Management, Inc., failed to establish the absence of notice. The deposition testimony of its owner/president, that he had been aware of the subject pothole for at least two to three weeks before the accident, demonstrated that the appellant had actual notice of the defective condition. Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see generally, Zuckerman v City of New York,* 49 NY2d 557).

The appellant's remaining contentions are without merit. Sullivan, J. P., McGinity, H. Miller and Smith, JJ., concur.