■ CATHY J. BURNICHE et al., Respondents, v CB RICHARD ELLIS, BUFFALO, NEW YORK, L.L.C., Appellant, et al., Defendants. [742 NYS2d 419] —Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 30, 2001 in Saratoga County, which denied a motion by defendant CB Richard Ellis, Buffalo, New York, L.L.C. for summary judgment dismissing the complaint against it.

In January 1999, plaintiff Cathy J. Burniche (hereinafter plaintiff), a systems administrator for Fleet Bank, was injured by an electrical shock sustained while working on a computer server in the fourth floor electrical closet of a condominium building at 540 Broadway in the City of Albany. The fourth floor was owned by Fleet, which had contracted with defendant CB Richard Ellis, Buffalo, New York, L.L.C. (hereinafter defendant), a property management company, to manage the building. Prior to plaintiff's injury, defendant's predecessor building management company, defendant Trammell Crow Corporate Services, Inc., had this electrical closet inspected in September 1998 by defendant James Meehan. The electrical closet was checked by Meehan again in December 1998 because of a burning smell emanating from it. Just two weeks prior to plaintiff's injury, Meehan had written to defendant setting forth "areas of concern and exposure" in the building, including several concerns pertaining to this electrical closet.

In December 1999, plaintiff and her husband, derivatively, commenced this negligence action against defendant, Trammell Crow and Meehan,* alleging that defendant failed to maintain the building in a proper and safe condition and allowed it to become defective and unsafe. After completion of discovery, defendant moved for summary judgment dismissing the complaint against it. Supreme Court denied the motion and defendant now appeals.

Defendant contends that Supreme Court erred in denying it summary judgment because defendant had no notice of any defect in the fourth floor electrical closet which could have caused or contributed to plaintiff's injuries and because defendant, as a managing agent without complete and exclusive control of the building, could not be liable for any alleged nonfeasance on its part. We affirm.

Under the terms of the real estate services agreement (hereinafter agreement), defendant contractually assumed responsi-

---

* The action was discontinued against Trammell Crow and Meehan. Plaintiff later filed an amended complaint naming the property owner, 540 Broadway Condominiums, Inc., as a defendant, but that entity is not participating in this appeal.

bility for acting "as Fleet's 'eyes and ears' for the Facilities," for "identifying and resolving problems [within the building], whether such resolution is directly [defendant's] responsibility or the responsibility of others" and for implementing a "preventive maintenance program designed to preserve each Facility and associated equipment, fixtures and contents in good condition and repair." Plaintiffs' submissions in opposition to defendant's motion contain evidentiary proof in admissible form that a frayed live telephone wire in the fourth floor electrical closet was a cause of plaintiff's injuries. While defendant's supervisor testified that telecommunications equipment was Fleet's responsibility, the language of the agreement delineating defendant's responsibilities for "Preventive Maintenance" did not limit those responsibilities, nor does any language therein limit defendant's responsibility to identify problems within the building. Moreover, competent proof in the record creates a question of fact as to whether defendant had or should have had actual or constructive prior notice of electrical problems in the electrical closet where plaintiff received the electrical shock which resulted in her injuries (*see, e.g.,* *Goldin v Riker,* 273 AD2d 197, 198). Consequently, on this record, it was defendant's affirmative duty to "identif[y] and resolv[e] problems," and its failure to do so was arguably a cause of plaintiff's injuries, pinpointing issues for resolution by the trier of fact (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 585). As such, defendant's motion for summary judgment dismissing the complaint against it was properly denied.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.