■ MICHAEL BLUMAN et al., Respondents, v FREEPORT UNION FREE SCHOOL DISTRICT, Appellant. [772 NYS2d 527]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated July 30, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On January 5, 2001, at approximately 6:45 P.M., the plaintiff Michael Bluman, a high school junior and member of the John F. Kennedy High School varsity basketball team, allegedly was injured when he slipped and fell on a wet spot on the gym floor at Freeport High School, a school within the defendant's district.

At the time of the accident, the injured plaintiff was doing warm-up drills with his team just prior to a scheduled varsity game.

"A defendant will not be liable for a dangerous or defective condition on its property unless it created the condition, or had actual or constructive notice of its existence" (*Goldin v Riker,* 273 AD2d 197 [2000]). To establish constructive notice, a plaintiff must provide evidence that the condition was visible and apparent, and that it existed for a sufficient period of time to permit a defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Negri v Stop & Shop,* 65 NY2d 625, 626 [1985]; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670 [1984]).

Here, the defendant made a prima facie demonstration of entitlement to judgment as a matter of law by demonstrating that it did not create or have notice of the alleged dangerous condition (*see Capra v Waldbaum's Inc.,* 272 AD2d 497 [2000]). The plaintiffs' opposition to the motion was insufficient to raise a triable issue of fact as to whether the defendant had constructive notice of the condition. Any finding that the alleged condition was visible and apparent for a sufficient length of time to be discovered and remedied by the defendant's employees would be mere speculation (*see Sarabia v Hilaire Farm Nursing Home,* 250 AD2d 586 [1998]; *Becker v Waldbaum, Inc.,* 221 AD2d 396 [1995]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.