In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered June 6, 2013, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
To impose liability on a defendant as a result of an allegedly dangerous condition on its premises, there must be evidence that the dangerous condition existed and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (see Davis v Rochdale Vil., Inc., 63 AD3d 870, 871 [2009]; Bluman v Freeport Union Free School Dist., 5 AD3d 341, 342 [2004]). “A defendant has constructive notice of a dangerous condition when it is visible and apparent, and existed for a sufficient length of time before the accident such that it could have been discovered and corrected” (Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409, 410 [2006]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
Here, the evidence submitted in support of the defendant’s motion demonstrated, prima facie, that it neither created the ice condition upon which the plaintiff allegedly slipped and fell, nor had actual or constructive notice of the condition (see Smith *818 v Hariri Realty Assoc., Inc., 109 AD3d 897 [2013]; Morreale v Esposito, 109 AD3d 800 [2013]; Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993 [2012]; Alayo v Port Auth. of N.Y. & N.J., 107 AD3d 834 [2013]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
The defendant’s remaining contention has been rendered academic in light of our determination.
Mastro, J.E, Hall, Lott, Austin and Duffy, JJ., concur.