■ MELLYANA ALATIEF et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [681 NYS2d 562] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated November 12, 1997, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Mellyana Alatief was injured when she slipped and fell on "an accumulation of water" on the floor of an elevated train in Queens, New York. It was raining heavily with strong winds when the injured plaintiff entered the train.

The plaintiffs brought this action against the New York City Transit Authority alleging that it was, *inter alia,* negligent in failing to properly maintain the subway car by allowing its floor to remain in a wet and slippery condition during the storm.

The Supreme Court properly granted the defendant's motion for summary judgment and denied the plaintiffs' cross motion. There is no evidence that the defendant had actual notice that the floor of the subway car was wet. Moreover, to constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). The record contains no evidence that anyone, including the injured plaintiff, observed the accumulation of water prior to the accident. Furthermore, it was undisputed that it was still raining at the time of the occurrence and, accordingly, the accumulation could have occurred as a result of water dripping from the clothing or umbrellas of other passengers who

had boarded the subway car immediately prior to the boarding by the injured plaintiff (*see, Low v New York City Tr. Auth.,* 237 AD2d 493).

The plaintiffs' remaining contention is without merit. Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.