■ DENA H. HUSSEIN et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [699 NYS2d 27] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered August 13, 1998, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

On January 11, 1995, during the evening rush hour commute, plaintiff Dena Hampton Hussein entered the subway station at the corner of 32nd Street and 6th Avenue in Manhattan. Before entering the turnstile, she slipped and fell, breaking her ankle. It is undisputed that it had been sleeting throughout the day, and that sleet was continuing to fall at the time of the accident.

The motion court erred in concluding that summary judgment was precluded by questions of fact concerning how plaintiff's accident occurred and whether the Transit Authority had notice of the wet spot where the accident occurred.

Plaintiff's first theory of liability is precluded as a matter of law by the undisputed fact that the sleet was still falling at the time of plaintiff's accident. Just as landowners have no duty to clear outdoor public spaces while precipitation is still falling (*see, Valentine v City of New York*, 86 AD2d 381, 383, *affd* 57 NY2d 932), they are not required to provide a constant, ongoing remedy when an alleged slippery condition is said to be caused by moisture tracked indoors during a storm (*see, Kovelsky v City Univ.*, 221 AD2d 234; *Negron v St. Patrick's Nursing Home*, 248 AD2d 687; *Zonitch v Plaza at Latham*, 255 AD2d 808). And, just as it is unreasonable to require the Transit Authority to keep the floors of subway cars clean and dry during ongoing storms, when the subway cars are continuously

filled with wet commuters (*see, Duncan v New York City Tr. Auth.*, 260 AD2d 213; *see also, Alatief v New York City Tr. Auth.*, 256 AD2d 371), similarly, a station floor cannot be effectively kept dry in such circumstances.

Furthermore, the evidence proffered by plaintiff gives no indication that the damp condition was of such an appearance that defendant should have noticed it (*see, Henness v Lusins*, 229 AD2d 873). Nor is there any indication that the damp condition at the spot where plaintiff fell was present long enough for defendant to have had constructive notice of it (*see, Lapcek v New York City Tr. Auth.*, 261 AD2d 126).

We also reject the viability of plaintiff's second theory of liability against the Transit Authority, in which it is asserted that the subway station's floor tiles were inherently dangerous because they became unusually slippery when wet (*see, Murphy v Conner*, 84 NY2d 969; *Kruimer v National Cleaning Contrs.*, 256 AD2d 1). In any case, the report submitted by plaintiff regarding the slipperiness of the station's tiles dealt generally with terrazzo tile but failed to indicate that plaintiff slipped on terrazzo tile, or even that the station floor on which her injury occurred contained this type of tile. Concur—Williams, J. P., Rubin, Saxe and Friedman, JJ.