■ ANTONIO PACHECO, Respondent, v FIFTEEN TWENTY SEVEN ASSOCIATES, L.P., et al., Appellants. [712 NYS2d 535] —Order,

Supreme Court, New York County (Alice Schlesinger, J.), entered November 9, 1998, which *inter alia*, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff's verified complaint dated June 11, 1996, as supplemented by his verified bill of particulars, avers that on February 13, 1995 at approximately 6:30 to 7:00 P.M., he slipped and fell on ice and snow while traversing steps leading to the sidewalk at premises known as 15 Sickle Street, located in the City and County of New York. At an examination before trial conducted on April 13, 1998, plaintiff testified that he did not remember the date of his accident, even as to the month or year, but, when asked what time of day it took place, stated, "In the morning." Plaintiff further testified that it been snowing all morning before he arrived at the premises and that it was still snowing when he fell upon leaving some two hours later.

Defendants moved for summary judgment dismissing the complaint on the ground that defendants had insufficient time to remedy any hazardous condition that might have been presented by the accumulated snow and ice. Plaintiff cross moved for leave to serve an amended complaint pursuant to CPLR 3025, noting that, on the accident date alleged in the complaint, he had already been confined to the hospital. Plaintiff submitted records from Columbia Presbyterian Medical Center indicating that he was admitted on February 13, 1995 for injuries to his right ankle, which were stated to have been received, variously, either three days or four days previously. Plaintiff attached a summary of climatological data for February 1995, issued by the National Oceanic and Atmospheric Administration. Readings taken in Central Park indicate that while there was significant accumulated snow on the ground during the week preceding his admission, the only morning snowfall occurred on February 4, 1995.

Based upon the state of the record at the time of the motion to dismiss, defendants were entitled to summary judgment. To impose liability, a plaintiff must demonstrate that the property owner had actual or constructive notice of the dangerous condition but failed to correct it (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838). "Before a landowner can be held liable for a hazardous condition created by the accumula-

tion of snow or ice during a storm, a reasonable time for taking corrective measures after the cessation of the storm must pass" (*Thomas v First Baptist Church*, 245 AD2d 501). As plaintiff testified that the storm had not ended by the time he fell, liability may not be imposed on defendants.

Plaintiff's cross motion fails to meet the criteria for amendment of a pleading (CPLR 3025). The application "must be supported by an affidavit of merits and evidentiary proof that could be considered upon a motion for summary judgment" (*Nab-Tern Constructors v City of New York*, 123 AD2d 571, 572, citing *Walden v Nowinski*, 63 AD2d 586). The statements in the hospital record offered in support of the cross motion are hearsay, contradicted by the meteorological data and no more reliable than their source, which is plaintiff himself. Plaintiff's affidavit in opposition merely reiterates that he has no recollection of the date of the accident.

"It is well established that on a motion for summary judgment, the court must determine whether the factual issues presented are genuine or unsubstantiated" (*Columbus Trust Co. v Campolo*, 110 AD2d 616, *affd* 66 NY2d 701 *for reasons stated*). Where the asserted factual issue is merely feigned, summary judgment should be granted (*Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596; *see also, Leo v Mt. St. Michael Academy*, 272 AD2d 145). Plaintiff's allegations as to the date of his injury "are unsubstantiated by any evidentiary facts and are thus insufficient to raise a triable issue of fact necessary to defeat a motion for summary judgment" (*Columbus Trust Co. v Campolo, supra*, at 617). Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.