■ DOLORES MARTE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [715 NYS2d 704] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated June 4, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Dolores Marte was injured when she slipped and fell on a puddle of water on the floor of the last car of the N subway train as she was exiting the train at the 45th Street station in Brooklyn. Marte boarded this train at the 9th Street station in Brooklyn, four short stops before her accident. The defendant New York City Transit Authority submitted evidence establishing that it was raining before and during the time of Marte's accident.

The defendant met its initial burden of showing, as a matter of law, that it did not create the dangerous condition which caused the accident, and did not have actual notice thereof (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838; *Negri v Stop & Shop,* 65 NY2d 625, 626). Moreover, to constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History, supra; Alatief v New York City Tr. Auth.,* 256 AD2d 371). Although Marte allegedly observed the puddle when she first boarded the subway car there is no evidence as to how long the puddle had existed. The puddle could have occurred as a result of water dripping from the clothing or umbrellas of other passengers who had boarded the subway car immediately before Marte boarded it. Accordingly, there is no evidence that the puddle existed for a sufficient length of time to permit the defendant to discover and remedy the condition (*see, Alatief v New York City Tr. Auth., supra; Low v New York City Tr. Auth.,* 237 AD2d 493; *see also, Hussein v New York City Tr. Auth.,* 266 AD2d 146; *Duncan v New York City Tr. Auth.,* 260 AD2d 213).

Furthermore, Marte's assertions that the conductor told her that she had seen the puddle before she boarded the train and told "them" to clean it before the train left is inadmissible hearsay, as the defendant established that the conductor did not have the authority to speak on its behalf (*see, Loschiavo v Port Auth.,* 58 NY2d 1040; *George v Big V. Supermarkets,* 258 AD2d 438; *Fontana v Fortunoff,* 246 AD2d 626; *Salkey v New York Racing Assn.,* 243 AD2d 621; *Williams v Waldbaums Supermarkets,* 236 AD2d 605). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.