■ KAREN HILL-THOMAS et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [735 NYS2d 569] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered March 7, 2001, which denied its motion for summary judgment dismissing the complaint, and

granted the plaintiffs' cross motion to direct it to produce a witness for an examination before trial.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

The injured plaintiff allegedly was injured when she slipped and fell on ice on the front steps of the defendant's bus as she was exiting the bus. The injured plaintiff testified that she did not see the ice when she boarded the bus, or when she was exiting. She also testified that it was snowing at the time of the accident, and the defendant submitted evidence that there was ongoing precipitation and freezing temperatures both the day before, and at the time of, the injured plaintiff's accident.

The defendant neither created nor had actual or constructive notice of the ice condition which caused the injured plaintiff's fall. With respect to constructive notice, there is no evidence that the condition existed for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). In addition, before a party can be held liable for an alleged hazardous condition created by the accumulation of snow or ice, the party must have had a reasonably sufficient time from the ending of the precipitation to remedy the condition (*see, Taylor v New York City Tr. Auth.,* 266 AD2d 384; *Pohl v Sternberg,* 259 AD2d 742; *Mangieri v Prime Hospitality Corp.,* 251 AD2d 632). Since it is undisputed that precipitation was still falling at the time of the injured plaintiff's fall, the defendant cannot be held liable (*see, Pacheco v Fifteen Twenty Seven Assocs.,* 275 AD2d 282; *Hussein v New York City Tr. Auth.,* 266 AD2d 146). Thus, the defendant was entitled to summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendant's remaining contention. Krausman, J. P., Luciano, Smith, Adams and Prudenti, JJ., concur.