■ PHYLLIS SPOONER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [750 NYS2d 91] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 16, 2001, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

The plaintiff slipped as she attempted to exit the rear steps of a bus operated by the defendant. There is no dispute that it had been raining for several hours before the accident and that it was still raining when the accident occurred. The plaintiff claimed that her accident was caused by a puddle of water in the bus near the steps.

As the moving party on the motion for summary judgment, the defendant made a prima facie showing of the absence of actual or constructive notice of a dangerous condition on the bus (see Goldin v Riker, 273 AD2d 197; Beltran v Metropolitan Life Ins. Co., 259 AD2d 456). The mere fact that the floor of the bus was wet during the ongoing rainstorm did not establish that there was a dangerous condition on the bus (see Gentles v New York City Tr. Auth., 275 AD2d 388; King v New York City Tr. Auth., 266 AD2d 354). There was no evidence that the puddle near the rear steps, which the plaintiff did not notice before she fell, was apparent to the driver.

Furthermore, since the puddle on which the plaintiff slipped could have occurred as a result of water dripping from the clothing or umbrellas of passengers who boarded the bus immediately before the accident, there was no proof that the puddle was visible and apparent and existed for a sufficient period of time before the accident to permit the defendant's employees to discover and remedy it (see Marte v New York City Tr. Auth., 276 AD2d 755; Alatief v New York City Tr. Auth., 256 AD2d 371; Low v New York City Tr. Auth., 237 AD2d 493; see also Gordon v American Museum of Natural History, 67 NY2d 836).

The evidence submitted by the plaintiff failed to raise a triable issue of fact. The excerpts of the deposition testimony of the defendant's driver, relied upon by the plaintiff, failed to establish that he was aware of the puddle on which she slipped, and the plaintiff failed to offer any evidence as to how long the puddle existed before her accident. It would be unreasonable to

expect the defendant to constantly clean the floor of its buses during an ongoing storm (see Hussein v New York City Tr. Auth., 266 AD2d 146; Duncan v New York City Tr. Auth., 260 AD2d 213). Accordingly, the defendant's motion for summary judgment should have been granted. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.