■ JAMES R. PETTY et al., Appellants, v HARRAN TRANSPORTATION CO., INC., Respondent. [750 NYS2d 773] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Carter, J.), dated December 6, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant in this slip-and-fall case succeeded in establishing its prima facie entitlement to judgment as a matter of law by offering sufficient evidence demonstrating the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant had constructive notice of the dangerous condition (*see Kraemer v K-Mart Corp.,* 226 AD2d 590).

The plaintiffs concede there is no evidence that the defendant affirmatively created or had actual notice of the wet condition of the steps on which the injured plaintiff fell. To constitute constructive notice, a condition must be visible and apparent, and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836). We agree with the Supreme Court that there is insufficient evidence to permit an inference that the defendant had constructive notice of the alleged dangerous condition which caused the injured plaintiff to fall (*see Yearwood v Cushman & Wakefield,* 294 AD2d 568; *McDuffie v Fleet Fin. Group,* 269

AD2d 575). Moreover, a general awareness that a dangerous condition may be present is legally insufficient to constitute notice of a particular condition (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967). The plaintiffs' assertion that the defendant was aware that the steps of the bus in question could become wet when it was snowing therefore was insufficient to raise a triable issue of fact with respect to notice (*see Dember v Winthrop Univ. Hosp.,* 272 AD2d 431; *Yearwood v Cushman & Wakefield, supra*). Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.