■ JAY BOYAR, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [781 NYS2d 691]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated July 2, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when he slipped and fell on a wet and slippery area of the floor at the Jay Street/Borough Hall subway station entrance to the "A" train, one level below ground, just past the escalators. It had been continuously snowing or raining for approximately 23 hours prior to his fall, and it was still snowing at the time of the plaintiff's accident. However, there is no evidence in the record as to how long the alleged wet condition in the area where the plaintiff fell existed before his fall (*see Marte v New York City Tr. Auth.*, 276 AD2d 755 [2000]).

The defendant demonstrated its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), by establishing that it did not have actual notice of the alleged wet condition of the floor in the area where the plaintiff fell before his fall, or that the alleged hazardous condition was visible, apparent, and existed for a sufficient length of time to constitute constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Alatief v New York City Tr. Auth.*, 256 AD2d 371, 372 [1998]; *Low v New York City Tr. Auth.*, 237 AD2d 493 [1997]; *cf. Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.