■ Lucy Taylor, Respondent, v New York City Transit Authority, Appellant. [798 NYS2d 467]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings

County (Partnow, J.), dated April 30, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she slipped and fell as she was alighting from the defendant's bus. It is undisputed that snow had fallen the day before the accident, and climatological data submitted by the defendant showed that there was light snowfall on the day of the accident as well. It is also undisputed that the bus pulled up to within approximately one foot of the sidewalk, near the bus stop sign.

The defendant established its prima facie entitlement to judgment as a matter of law, and the plaintiff, in opposition, failed to raise a triable issue of fact (*see Petty v Harran Transp. Co.*, 300 AD2d 290 [2002]; *Spooner v New York City Tr. Auth.*, 298 AD2d 575 [2002]; *Hill-Thomas v Metropolitan Transp. Auth.*, 289 AD2d 447, 448 [2001]; *Brown v City of New York*, 250 AD2d 638 [1998]). The plaintiff's contradictory theories regarding the possible reasons for her fall, namely, ice on the steps of the bus, ice on the sidewalk near the bus stop, and the distance between the bus and the curb, would require a jury to resort to conjecture or speculation to determine the cause of the accident (*see LaFemina v Brambell*, 2 AD3d 409 [2003]). Under these circumstances, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.