■ CHRISELLA EVANS, Appellant, v MTA/NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [838 NYS2d 169]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 15, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated July 19, 2006, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated November 15, 2005 is dismissed, as that order was superseded by the order dated July 19, 2006 made upon reargument; and it is further,

Ordered that the order dated July 19, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In November 2004 the plaintiff filed a complaint alleging that she was injured while she was a passenger on the defendants' bus, and that her injuries were caused by a wet, slippery, and icy condition on the bus. In June 2005 the defendants moved, inter alia, for summary judgment dismissing the complaint.

The defendants established their prima facie entitlement to judgment as a matter of law and the plaintiff, in opposition, failed to raise a triable issue of fact (*see Petty v Harran Transp. Co.*, 300 AD2d 290 [2002]; *Spooner v New York City Tr. Auth.*,

298 AD2d 575 [2002]; *Hill-Thomas v Metropolitan Transp. Auth.*, 289 AD2d 447, 448 [2001]; *Brown v City of New York*, 250 AD2d 638 [1998]). In particular, we note that "before a party can be held liable for an alleged hazardous condition created by the accumulation of snow or ice, the party must have had a reasonably sufficient time from the cessation of the precipitation to remedy the condition" (*Hill-Thomas v Metropolitan Transp. Auth., supra* at 448; *see Taylor v New York City Tr. Auth.*, 266 AD2d 384 [1999]; *Pohl v Sternberg*, 259 AD2d 742 [1999]; *Mangieri v Prime Hospitality Corp.*, 251 AD2d 632 [1998]). Here, the record reveals that snow was still falling at the time of the plaintiff's fall. Under such circumstances, the defendants were entitled to summary judgment dismissing the complaint (*see Pacheco v Fifteen Twenty Seven Assoc.*, 275 AD2d 282 [2000]; *Hussein v New York City Tr. Auth.*, 266 AD2d 146 [1999]). Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.