■ JOAN SIMPSON, Appellant, v CITY OF NEW YORK TRANSIT AUTHORITY, Respondent, et al., Defendant. [844 NYS2d 108]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated August 11, 2006, as granted the motion of the defendant New York City Transit Authority, sued herein as City of New York Transit Authority, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff slipped on a wet step as she attempted to descend the rear stairwell of a bus operated by the defendant New York City Transit Authority, sued herein as City of New York Transit Authority (hereinafter the defendant). The parties are in agreement that the accident occurred during an ongoing, heavy rainstorm.

The defendant made a prima facie showing of the absence of actual or constructive notice of a dangerous condition on the bus (*see McKenzie v County of Westchester*, 38 AD3d 855, 856 [2007]; *Taylor v New York City Tr. Auth.*, 19 AD3d 478, 479 [2005]; *Spooner v New York City Tr. Auth.*, 298 AD2d 575 [2002]). A general awareness that bus steps or floors are wet during a storm is insufficient to establish constructive notice of a dangerous condition (*see Evans v MTA/New York City Tr. Auth.*, 41 AD3d 533, 534 [2007]; *Petty v Harran Transp. Co.*, 300 AD2d 290 [2002]; *Spooner v New York City Tr. Auth.*, 298 AD2d at 575-576). Thus, the defendant established its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the plaintiff's contention, the Supreme Court did not act prematurely in granting the defendant's motion before the completion of discovery. The "mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered" during discovery does not justify a delay in determining the motion (*Anderson v Rehabilitation Programs Found.*, 240 AD2d 524, 524 [1997]). Spolzino, J.P., Santucci, Balkin and Dickerson, JJ., concur.