■ BETH JAFFE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [861 NYS2d 388]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated June 29, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Contrary to the holding of the Supreme Court, the defendant made a prima facie showing that it neither created nor had actual or constructive notice of a dangerous condition on the subway car in question (*see Simpson v City of New York Tr. Auth.*, 44 AD3d 930 [2007]; *McKenzie v County of Westchester*, 38 AD3d 855, 856 [2007]; *Taylor v New York City Tr. Auth.*, 19 AD3d 478, 479 [2005]; *Spooner v New York City Tr. Auth.*, 298 AD2d 575 [2002]). A general awareness that the floor of the car might be wet during a rainstorm is insufficient to establish constructive notice of a dangerous condition (*see Alatief v New York City Tr. Auth.*, 256 AD2d 371 [1998]; *Low v New York City Tr. Auth.*, 237 AD2d 493 [1997]; *see also Simpson v City of New York Tr. Auth.*, 44 AD3d at 930; *McKenzie v County of Westchester*, 38 AD3d at 855-856; *Taylor v New York City Tr. Auth.*, 19 AD3d at 479; *Spooner v New York City Tr. Auth.*, 298 AD2d 575 [2002]). Thus, the defendant established its entitlement to judgment as a matter of law dismissing the complaint. In opposition, contrary to the conclusion of the Supreme Court, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Counsel's affirmation presented nothing more than speculation and surmise and a fabricated issue of fact designed to avoid the consequences of the plaintiff's earlier admissions and testimony, and thus was insufficient to defeat the defendant's motion (*see Skouras v New York City Tr. Auth.*, 48 AD3d 547 [2008]; *Karwowski v New York City Tr. Auth.*, 44 AD3d 826 [2007]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.