■ SHAVONNE JOSEPH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [888 NYS2d 533]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), entered April 3, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she slipped and fell down an outdoor staircase at the elevated subway station at Van Siclen Avenue in Brooklyn. The plaintiff contends that she fell because puddles had formed on the steps, and because the handrail was wet due to rainy conditions and a leaking roof. In addition, the plaintiff claims that the steps were covered with an oily substance and had treads which were worn and smooth.

In its motion for summary judgment dismissing the complaint, the defendant, New York City Transit Authority, met its initial burden of establishing, prima facie, its entitlement to judgment as a matter of law, by offering evidence that it neither created nor had actual or constructive notice of any of the alleged dangerous conditions on the stairway and handrail (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Simpson v City of New York Tr. Auth.*, 44 AD3d 930 [2007]).

In opposition to the motion for summary judgment, the plaintiff failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Gentles v New York City Tr. Auth.*, 275 AD2d 388 [2000]). "The mere fact that the exposed staircase was wet from the rain is insufficient to establish a dangerous condition" (*King v New York City Tr. Auth.*, 266 AD2d 354 [1999]; see *Medina v Sears, Roebuck & Co.*, 41 AD3d 798 [2007]; *Cavorti v Winston*, 307 AD2d 1018 [2003]; *Spooner v New York City Tr. Auth.*, 298 AD2d 575 [2002]).

The plaintiff's contention that the steps were worn and smooth is merely conclusory and was insufficient to raise a triable issue of fact as to whether the defendant had constructive notice of the slippery condition of the staircase (see *Cruz v Montefiore Med. Ctr.*, 45 AD3d 355 [2007]; *Varrone v Dinaro*, 209 AD2d 508 [1994]).

The plaintiff's contention that the defendant possessed

constructive notice of the wet and slippery condition of the staircase by virtue of the fact that the staircase was open to the elements, and that rain on the steps was a recurrent condition, is without merit. Even if the defendant were aware of a recurring water condition, that, by itself, would not be sufficient to establish constructive notice of the particular wet condition which allegedly caused the plaintiff to slip and fall. (*see Pinto v Metropolitan Opera*, 61 AD3d 949 [2009]; *Arrufat v City of New York*, 45 AD3d 710 [2007]). A general awareness of a recurring problem is insufficient, without more, to establish constructive notice of the particular condition causing the fall (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]). Moreover, the plaintiff failed to offer sufficient facts to show that the allegedly leaking roof, puddles, wet staircase, wet handrail, or oily substance were visible or apparent for a sufficient length of time to permit the defendant to discover and remedy the conditions which may have caused her to fall (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Boyar v New York City Tr. Auth.*, 10 AD3d 625 [2004]; *Chieffet v New York City Tr. Auth.*, 10 AD3d 526 [2004]). Without such proof, there was insufficient evidence to permit an inference that the defendant had constructive notice of the allegedly defective conditions (*see Petty v Harran Transp. Co.*, 300 AD2d 290 [2002]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]).

The plaintiff's contention that the accident reports submitted by the defendant in support of its motion were unsworn and not in admissible form was raised for the first time in her appellate brief and, therefore, is not properly before this Court (*see LaFemina v LaFemina*, 57 AD3d 856 [2008]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.