■ PAULINE BARRETT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [914 NYS2d 269]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated September 9, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint since the defendants failed to submit evidence sufficient to establish that

they did not create or have actual or constructive notice of the alleged hazardous condition in the rear stairwell of their bus (*see Simpson v City of New York Tr. Auth.*, 44 AD3d 930 [2007]; *Petty v Harran Transp. Co.*, 300 AD2d 290 [2002]). Material inconsistencies between the deposition testimony of the bus driver and the General Municipal Law § 50-h hearing testimony and the deposition testimony of the plaintiff raised issues of credibility which must be resolved by the trier of fact (*see generally Lawson v Rutland Nursing Home, Inc.*, 65 AD3d 572 [2009]; *Tunison v D.J. Stapleton, Inc.*, 43 AD3d 910 [2007]; *Kolivas v Kirchoff*, 14 AD3d 493 [2005]). Since the defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The plaintiff's contention that the defendants' appellate brief was untimely filed is not properly before this Court, as she did not move to strike the defendants' brief. Dickerson, J.P., Hall, Austin and Cohen, JJ., concur.