Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered on or about March 7, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish its entitlement to judgment as a matter of law in this action where plaintiff alleges that he was injured when he slipped and fell on an accumulation of rainwater that was approximately one inch deep in the lobby of the building where he lived. Plaintiff testified, and meteorological records showed, that it was raining heavily on the day of the accident and that the rain was accompanied by strong winds. Plaintiff also stated that when he arrived at his building the lobby doors had been blown open by the wind, causing the rain to come indoors.
Defendant seeks to rely on the “storm in progress” doctrine to relieve itself of liability. However, the condition described by plaintiff, namely the flooding of the building’s lobby, is distinguishable from those instances where the doctrine is typically applied {compare Richardson v S.I.K. Assoc., L.P, 102 AD3d 554 [1st Dept 2013]; Hussein v New York City Tr. Auth., 266 AD2d 146 [1st Dept 1999]). Moreover, even where the doctrine is available for such indoor accidents, “all of the circumstances regarding a defendant’s maintenance efforts must be scrutinized in ascertaining whether the defendant exercised reasonable care in remedying a dangerous condition” {Pomahac v TrizecHahn 1065 Ave. of Ams., LLC, 65 AD3d 462, 465-466 [1st Dept 2009]). Here, defendant failed to present sufficient evidence to establish that it took reasonable measures to remedy the allegedly dangerous condition. Defendant’s witnesses did not aver that any such ac *424 tion was taken during their shifts, and they offered no knowledge of any action taken after their shifts ended, which was several hours before plaintiff’s fall.
Concur—Friedman, J.P., Sweeny, Renwick, Richter and Román, JJ.