Friedman, J.P., and Saxe, J.,
dissent in a memorandum by Saxe, J., as follows: Plaintiff claimed that, while playing with her grandson at a picnic in defendant’s courtyard playground, she tripped and fell when her foot was caught in a “worn out” spot in the rubber matting covering the playground. The jury found defendant liable, and the trial court denied defendant’s motion to set aside the verdict on the grounds, among others, that the evidence of constructive notice of the condition was insufficient and the verdict was against the weight of the evidence. The majority now affirms.
I would reverse. To impose liability on the defendant, there must be evidence that a defective condition existed and that the defendant either created the condition or had actual or constructive notice of it (see Smith v Costco Wholesale Corp., 50 AD3d 499 [1st Dept 2008]). Plaintiff failed to adduce evidence showing that the claimed defect in the matting existed for a sufficient length of time and in a noticeable condition such as would allow defendant to discover and remedy it (see Gordon v *635 American Museum of Natural History, 67 NY2d 836, 837 [1986]).
There was no testimony that anyone had observed the claimed defect prior to the alleged accident, and the testimony of defendant’s employee that the matting was inspected each day was irrelevant because there was no evidence that the claimed worn area was visible or apparent by reasonable inspection (see Soto v New Frontiers 2 Hope Hous. Dev. Fund Co., Inc., 118 AD3d 471 [1st Dept 2014]; Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d 272, 276 [1st Dept 2010]).
Notably, plaintiff failed to introduce either photographs of the alleged defect (see Taylor v New York City Tr. Auth., 48 NY2d 903, 904 [1979] [verdict finding constructive notice of defect supported by photograph which depicted irregularity, width, depth and appearance of defect in concrete surface]), or expert testimony to show that it had been in existence for a sufficient length of time (see Tese-Milner v 30 E. 85th St. Co., 60 AD3d 458 [1st Dept 2009] [expert opinion]; Alexander v New York City Tr., 34 AD3d 312, 313-314 [1st Dept 2006] [expert opinion and photograph]). While it may be possible for the testimony of a plaintiff to be sufficient by itself to establish constructive notice, here, plaintiff’s testimony failed to make such a showing. Plaintiff failed to provide the dimensions of the alleged defect and never stated that she saw it either before or after the incident, rendering her testimony that the matting was “wasted” or “worn” merely conclusory and insufficient proof of constructive notice (see Joseph v New York City Tr. Auth., 66 AD3d 842, 843 [2d Dept 2009]).
In view of the lack of evidence that defendant had either actual or constructive notice of the claimed defective condition in the matting, I would set aside the verdict as based on insufficient evidence, and dismiss the complaint.