Wachovia Mtge. FSB v Macwhinnie (2019 NY Slip Op 06819)





Wachovia Mtge. FSB v Macwhinnie


2019 NY Slip Op 06819


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-08837
 (Index No. 42651/09)

[*1]Wachovia Mortgage FSB, etc., respondent,
v
John . Macwhinnie, etc., appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellant.
Reed Smith LLP, New York, NY (Zalike T. Pierre and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John V. Macwhinnie appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated July 10, 2018. The order and judgment of foreclosure and sale, insofar as appealed from, upon two orders of the same court, both dated April 27, 2016, denying that defendant's motion for leave to enter a default judgment on his counterclaims and to dismiss the complaint insofar as asserted against him, granting the plaintiff's application, in effect, to compel that defendant to accept its late reply to the counterclaims, and granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and dismiss his affirmative defenses and counterclaims, and to appoint a referee to compute the amount due to the plaintiff, and upon the referee's oath and computation, confirmed the referee's report and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
On June 25, 2007, the defendant John V. Macwhinnie (hereinafter the defendant) executed and delivered to World Savings Bank, FSB (hereinafter WSB), an adjustable rate mortgage note, marketed under the name "Pick-a-Payment," in the amount of $1,290,000. The repayment of the loan was secured by a mortgage encumbering the defendant's real property in Water Mill. Thereafter, effective December 31, 2007, WSB changed its name to Wachovia Mortgage, FSB (hereinafter the plaintiff). The defendant allegedly defaulted in making his mortgage payment due March 15, 2009, and all payments due thereafter.
In October 2009, the plaintiff commenced this action to foreclose the mortgage against the defendant and others. Pursuant to a stipulation entered into between the plaintiff and the defendant in May 2012, the defendant answered the complaint in June 2012, asserting various affirmative defenses and counterclaims. In August 2012, the plaintiff served its reply to the counterclaims, which was rejected by the defendant as untimely.
On July 9, 2013, the defendant moved for leave to enter a default judgment in the amount of $3,870,000 on his counterclaims and to dismiss the complaint. The plaintiff opposed the motion and made an application, in effect, to compel the defendant to accept its late reply to the counterclaims. The plaintiff contended, inter alia, that it had a reasonable excuse—namely, law office failure—for the brief delay in serving its reply to the defendant's counterclaims, and that the counterclaims, in any event, failed to state a viable cause of action.
On March 4, 2014, while the defendant's motion was pending, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and dismiss his affirmative defenses and counterclaims, and to appoint a referee to compute the amount due to the plaintiff. The defendant opposed the motion.
In two orders, both dated April 27, 2016, the Supreme Court denied the defendant's motion, granted the plaintiff's application, in effect, to compel the defendant to accept its late reply to the counterclaims, and granted the plaintiff's motion. Thereafter, by order and judgment of foreclosure and sale dated July 10, 2018, the court, inter alia, confirmed the referee's report and directed the sale of the premises. The defendant appeals from the order and judgment of foreclosure and sale.
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was for leave to enter a default judgment on his counterclaims. On a motion for leave to enter a default judgment, the movant must submit evidence of service of the pleading asserting the claim, evidence of the facts constituting the claim, and evidence of the default and the amount due (see CPLR 3215[f]). "[A] court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126; see Abrahams v Commonwealth Land Tit. Ins. Co., 120 AD3d 1165, 1166; Venturella-Ferretti v Ferretti, 74 AD3d 792, 793).
Here, the defendant's counterclaims centered around allegations that the plaintiff engaged in fraudulent, deceptive, and unfair business practices in marketing its "Pick-a-Payment" loan program to the defendant and "thousands of other similarly situated consumers." Specifically, the first four counterclaims alleged violations of the federal Truth in Lending Act (see 15 USC § 1601 et seq. [hereinafter TILA]) and related regulations, as well as sections 349 and 350 of the General Business Law. The fifth and sixth counterclaims alleged breaches of the loan documents and the implied covenant of good faith and fair dealing as a result of the plaintiff's failure to apply any portion of the monthly payments toward the principal loan balance and failure to disclose that the monthly payments were insufficient to cover the interest charges. The seventh counterclaim did not state a cause of action at all, but merely listed various discovery requests attached to the defendant's answer. The exhibits submitted in support of the defendant's motion included documents establishing the defendant's membership in a federal class action settlement involving the marketing of the plaintiff's "Pick-A-Payment" loan program (see In re Wachovia Corp. "Pick-A-Payment" Mortg. Marketing and Sales Practice Litigation, 2011 WL 1877630 [ND Cal 2011]). As part of that settlement, class members were expressly required to release and forever discharge, inter alia, all claims that the plaintiff violated "TILA, state unfair competition laws, state unfair and deceptive trade practices statutes, and state consumer protection laws," as well as all claims that the plaintiff "breached the terms of the [loan] contracts; engaged in fraudulent misrepresentations or omissions; and breach the implied duty of good faith and fair dealing in connection with the . . . Pick-a-Payment mortgage loans."
While the class action settlement agreement specifically allowed individuals to opt out of the settlement class within a certain period of time, the defendant submitted no evidence that he had exercised that right. To the contrary, the defendant submitted a copy of a check he received from the Pick-a-Payment settlement administrator, in the amount of $178.04, representing his settlement payment.
"It is a familiar doctrine that a class action judgment is binding upon class members [*2]who were adequately represented in the action" (Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 123 [internal quotation marks omitted]). Since the adequacy of representation in the federal action has not been challenged by the defendant, he was bound by the terms of the class action settlement, which, on its face, precluded him from asserting the counterclaims against the plaintiff. Since the defendant's counterclaims failed to state a valid cause of action, he was "not entitled to the requested relief, even on default" (Venturella-Ferretti v Ferretti, 74 AD3d at 793).
Moreover, under the circumstances presented, and in order to fully consider and resolve the plaintiff's pending motion, inter alia, for summary judgment against the defendant, the Supreme Court providently exercised its discretion in granting the plaintiff's application, in effect, to compel the defendant to accept its late reply to the counterclaims (see generally Fried v Jacob Holding, Inc., 110 AD3d 56).
Turning to the plaintiff's motion, inter alia, for summary judgment and related relief against the defendant, for the reasons previously discussed, the plaintiff established, prima facie, that the counterclaims were barred by the express terms of the federal class action settlement (see In re Wachovia Corp. "Pick-A-Payment" Mortg. Marketing and Sales Practices Litigation, 2011 WL 1877630). In opposition, the defendant failed to raise a triable issue of fact.
Although one of the defendant's affirmative defenses placed the plaintiff's standing in issue, the plaintiff established, prima facie, that, as of October 2009, when this action was commenced, it was the original lender—WSB—which had changed its name in December 2007 to Wachovia Mortgage, FSB. The fact that the plaintiff was later converted to Wells Fargo Bank Southwest, National Association, and merged into Wells Fargo Bank, N.A. (see Moxey v Payne, 167 AD3d 594), is immaterial to the issue of standing since these events transpired after this action was commenced.
The defendant's contention that part of the evidence submitted in support of the plaintiff's motion for summary judgment was not in admissible form is improperly raised for the first time on appeal (see Perez v City of New York, 104 AD3d 661, 662; Joseph v New York City Tr. Auth., 66 AD3d 842, 844; see also Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203-204).
The defendant's contention that the plaintiff's submissions were insufficient to demonstrate that the plaintiff complied with the notice requirements of RPAPL 1304 is also improperly raised for the first time on appeal (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 954; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
The defendant's remaining contentions are without merit.
Accordingly, since the defendant failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and to dismiss his affirmative defenses and counterclaims, and to appoint a referee to compute the amount due to the plaintiff.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court