| |
|---|
| **Falcao v Metropolitan Transp. Auth.** |
| 2024 NY Slip Op 33077(U) |
| September 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154962/2018 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. RICHARD TSAI                                    PART                    21

*Justice*

-----------------------------------------------------------------------------X

CLEO FALCAO and EDNA CASTRO,

Plaintiffs,

- v -

METROPOLITAN TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY and CITY OF NEW
YORK,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154962/2018 |
| MOTION DATE | 06/21/2024 |
| MOTION SEQ. NO. | 001-002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 36-50, 60-75, 80-83, 87

were read on this motion to/for               JUDGMENT - SUMMARY               .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 76-79, 84-86, 88-89

were read on this motion to/for               PARTIAL SUMMARY JUDGMENT               .

Upon the foregoing documents, it is hereby **ORDERED** that the motion for summary judgment by defendants Metropolitan Transportation Authority, New York City Transit Authority and the City of New York (Seq. No. 001) is **DENIED**; and it is further

**ORDERED** that the motion for partial summary judgment by plaintiffs Cleo Falcao and Edna Castro (Seq. No. 002) is **DENIED**.

In this action, it is alleged that, on May 22, 2017 at about 3:40 PM, plaintiff Cleo Falcao was descending stairway P6A at the 8th Street Station, heading towards the R and W line, when she slipped on the third or fourth step from the bottom and fell onto the mezzanine level of the subway station (Defendant's exhibit D in support of motion [NYSCEF Doc. No. 44], plaintiff's bill of particulars ¶¶ 4-6).

At her statutory hearing, Falcao testified, "[i]t was raining cats and dogs" on the day of her accident (Defendants' exhibit F in support of motion [NYSCEF Doc. No. 46], statutory hearing at 69, line 24 through 70, line 22). At her deposition, she testified that the stairway where she fell was "L shape[d]," with a landing on the staircase (Defendants' exhibit G in support of motion [NYSCEF Doc. No. 47], plaintiff's deposition at 16, lines 1-4; *see also* Plaintiffs' exhibits B-G in opposition to motion [NYSCEF Doc. No. 68-73], photographs of stairway and mezzanine). According to Falcao, she had passed the landing before her accident occurred (plaintiff's deposition at 16, lines 5-7).

[* 1]

Falcao testified that, at the time of her accident, rainwater was "coming down from the stairs" (plaintiff's deposition at 15, lines 14-15). According to Falcao, her right foot slipped on the third step from the bottom (*id.* at 15, lines 2-6), and she fell forward (*id.* at 16, line 16). Falcao landed on the mezzanine level "before the turnstile," and slipped again a second time "on a puddle of water at the bottom of the stairwell" (*id.* at 17, line 13 through 18, lines 1-9).

On their motion for summary judgment (Seq. No. 001), defendants assert that the action should be dismissed pursuant to the storm in progress doctrine, given plaintiff's testimony of the heavy rainstorm that occurred on the day of the accident. Plaintiffs do not dispute that a rainstorm was in progress at the time of the incident.

Under the storm in progress doctrine, a property owner will not be held liable for an accident caused by weather conditions from an "ongoing storm or for a reasonable time thereafter" (*Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]). The doctrine "is designed to relieve the worker(s) of any obligation" to mitigate hazards created by the storm when the storm conditions will likely render those mitigation efforts "fruitless" (*Powell v MLG Hillside Assoc.*, L.P., 290 AD2d 345 [1st Dept 2002]). The storm in progress doctrine is also applicable where one falls inside a facility because of a slippery condition brought about as a direct consequence of ongoing inclement weather (*see also Hussein v New York City Tr. Auth.*, 266 AD2d 146, 146-47 [1st Dept 1999] ["[J]ust as it is unreasonable to require the Transit Authority to keep the floors of subway cars clean and dry during ongoing storms, when the subway cars are continuously filled with wet commuters, similarly, a station floor cannot be effectively kept dry in such circumstances" [internal citation omitted]).

However, even where the doctrine is available for such indoor accidents, "all of the circumstances regarding a defendant's maintenance efforts must be scrutinized in ascertaining whether the defendant exercised reasonable care in remedying a dangerous condition" (*Rijos v Riverbay Corp.*, 105 AD3d 423, 423 [1st Dept 2013] [internal quotation marks omitted]). In *Rijos*, the plaintiff slipped and fell on an accumulation of rainwater that was approximately one inch deep in the lobby of the building where the plaintiff lived. Although it was undisputed that there was a storm in progress, the Appellate Division, First Department upheld denial of the defendant's motion for summary judgment based on the storm in progress doctrine. The Appellate Division ruled that, "the condition described by plaintiff, namely the flooding of the building's lobby, is distinguishable from those instances where the doctrine is typically applied" (*Rijos*, 105 AD3d at 423).

Here, like *Rijos*, plaintiffs have raised a triable issue of fact as to whether defendants "took reasonable measures to remedy the allegedly dangerous condition" of flooding on the stairway during a rainstorm. Photographs of the landing of the L-shaped stairway depict a drain on the landing (*see* Plaintiffs' Exhibit C in opposition [NYSCEF Doc 69]), and two drains at bottom of the stairs (*see* Defendants' Exhibit 5 in support of motion [NYSCEF Doc. No. 56]).

**154962/2018   FALCAO, CLEO vs. METROPOLITAN TRANSPORTATION**                    Page 2 of 4
**Motion No.  001 002**

[* 2]                                                        2 of 4

Plaintiffs' expert, Nicholas Bellizzi, a "Registered and Licensed Professional Engineer in New York" averred that, on June 15, 2021, he "inspected the upper and lower stairway (the 'Subject Stairs') and the drainage system (the 'Subject Drainage') on the Subject Landing" (Bellizzi affirmation ¶ 1, 8 [NYSCEF Doc. No. 66]). Bellizzi found that "large portions of the Subject Landing have a pitch of less than two percent relative to the Subject Drain" on the landing (*id.* ¶ 17). Bellizzi opined that the "large amounts of water cascading down the lower stairway" allegedly experienced by plaintiff on the day of her accident were caused by "the failure to pitch the Subject Landing at least two percent in relation to the Subject Drain, so that gravity will send any water that falls onto and collects on the Subject Landing into the Subject Drain, before it has a chance to cascade down the lower stairway" (Bellizzi affirmation ¶¶ 8, 18, 20).

In addition, Bellizzi pointed to a Station Inspection Report 2017 Inspection Cycle, dated April 20, 2017, that was produced by defendants in this action (Bellizzi affirmation ¶ 23; Plaintiffs' exhibit 1 in opposition to motion [NYSCEF Doc. No. 62], Station Inspection Report 2017 Inspection Cycle). Bellizzi asserted that the report and the photographs contained therein show that the subject stairs had experienced "severe rust and material degradation, resulting from repeated exposure to significant amounts of water of a period of many years" (Bellizzi affirmation ¶ 23; Station Inspection Report 2017 Inspection Cycle). Bellizzi opined that, "[b]ased on the extent of rust and material degradation described in this report and depicted in the photographs, the water flooding on the lower stairway must have pre-dated Plaintiff's accident by several years" (Bellizzi affirmation ¶ 23). Thus, there is a triable issue of fact as to whether defendants were on constructive notice of inadequate drainage and of recurring flooding of the lower stairway (*see Hernandez v City of New York*, 194 AD2d 377, 377 [1st Dept 1993]).

Thus, defendants' motion for summary judgment dismissing the complaint is denied.

On plaintiffs' motion for summary judgment (Seq. No. 002), they argue that Bellizzi's affirmation establishes that "the flooding on the Subject Stairs was the result of the failure to design and/or install and/or maintain the Subject Landing with a two percent pitch" (memorandum in support of Motion Seq. No. 002 [NYSCEF Doc. No. 78] at 4 of 18).

Plaintiffs' motion for partial summary judgment in their favor against defendant New York City Transit Authority on the issue of liability is denied.

"Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination. Only if it can be concluded as a matter of law that defendant was negligent, may summary judgment be granted in a negligence action" (*Ugarizza v Schmieder*, 46 NY2d 471, 474 [1979]).

**154962/2018 FALCAO, CLEO vs. METROPOLITAN TRANSPORTATION**
**Motion No. 001 002**

Page 3 of 4

3 of 4

[* 3]

Here, the question of whether the stairway where Falcao allegedly slipped and fell was not reasonably safe due to the pitching of the landing and drainage system is a matter ultimately for the trier of fact

Therefore, both motions are denied.

20240903172737RTSAI04836687BA8C443DB49D51E8F24ECA17

| 9/3/2024 | | | | | |
|----------|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| Seq. No. 001 | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| Seq. No. 002 | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154962/2018   FALCAO, CLEO vs. METROPOLITAN TRANSPORTATION**
**Motion No.  001 002**